**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Romeel Alejandro Bravo Castro,<br><br>Petitioner,<br><br>v.<br><br>Eric Rokosky, Warden, Eloy Detention Center,<br><br>Respondent. | No. CV-26-02902-PHX-KML (MTM)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE KRISSA M. LANHAM, UNITED STATES DISTRICT JUDGE:

Self-represented Petitioner Romeel Alejandro Bravo Castro, who is confined in the Eloy Detention Center, has filed a pro se Petition Under 28 U.S.C. § 2241 challenging his immigration detention. (Doc. 1.)

## I. SUMMARY OF CONCLUSION

Petitioner is subject to detention pursuant to 8 U.S.C. § 1226(a) by the Department of Homeland Security Immigration and Customs Enforcement and has been detained since November 19, 2025. At the conclusion of Petitioner's bond hearing, the IJ denied his request. Petitioner appealed the bond denial and the appeal remains pending. Petitioner claims that his continued detention is unlawful because the IJ failed to properly consider mitigating factors during his custody determination hearing. Petitioner claims that his prolonged detention violates his Fifth Amendment rights to due process and seeks a bond

hearing and/or release. However, because Petitioner has received an individualized bond determination and he remains a danger, Petitioner is not constitutionally entitled to another bond hearing. The Court will recommend that the Petition for Writ of Habeas Corpus be denied and dismissed with prejudice.

## II. BACKGROUND

On November 19, 2025, Petitioner was taken into custody by U.S. Immigration and Customs Enforcement (ICE) for immigration violations pursuant to a firearms investigation. (Doc. 9-1, Exh. A.) The record reflects that on October 5, 2025, Petitioner attempted to illegally purchase a firearm by falsifying information regarding his immigration status. (*Id.*) Specifically, Petitioner completed ATF Form 4473 Firearms Transaction Record and stated that he was not an alien unlawfully present in the United States and that he was a United States citizen. (*Id.*)

However, a background check conducted that same day identified Petitioner as a "prohibited possessor" and Petitioner was subsequently denied the purchase of a firearm. (*Id.*) Petitioner was taken into ICE custody and served with a Warrant of Arrest Form and Notice to Appear in removal proceedings. (*Id.*)

Thereafter, Petitioner requested a bond hearing pursuant to 8 U.S.C. § 1226(a). On December 18, 2025, the IJ held a bond hearing and, after full consideration of the evidence presented, denied Petitioner's request for bond finding that Petitioner was a flight risk and danger due to his attempt to illegally purchase a firearm. (Doc. 9-2, Exh. B.) Petitioner's appeal of that decision is pending before the BIA. (Doc. 9 at 1-2.)

## III. PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS

In his Petition, Petitioner claims that his continued detention is unlawful because the IJ failed to properly consider mitigating factors during his custody determination hearing. Petitioner claims that his prolonged detention violates his Fifth Amendment rights to due process and seeks a bond hearing and/or release. (Doc. 1.)

Respondents filed a Response and Petitioner filed a Reply. (Docs. 9, 10.)

## IV. DISCUSSION

The district court is empowered to issue a writ of habeas corpus where an individual is held "in custody in violation of the Constitution or laws or treaties of the United States . . . ." 28 U.S.C. § 2241(c)(3). The language of § 2241 and "the common-law history of the writ" makes clear "that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475 484 (1973) (noting that the writ of habeas corpus "was early recognized by [the Supreme] Court as a 'great constitutional privilege'"). The Supreme Court has made clear that § 2241 applies to noncitizens challenging their immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001).

Because Petitioner challenges his prolonged civil detention, the Court has jurisdiction to address the instant Petition. *See Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) ("[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of the removal order . . . .").

Section 1226(a) establishes the default framework governing discretionary immigration detention pending removal proceedings. Under that provision, DHS may arrest and detain a noncitizen and may release the individual on bond or conditional parole. 8 U.S.C. § 1226(a); *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018). Unlike other immigration detention statutes, § 1226(a) provides substantial procedural protections. Specifically, § 1226(a) and its implementing regulations "provide several layers of review of the agency's initial custody determination, an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1202-03 (9th Cir. 2022). These multiple layers of review distinguish § 1226(a) from other detention provisions and significantly reduce the risk of erroneous detention.

Although neither the Supreme Court nor the Ninth Circuit has definitively held that the balancing test announced in *Mathews v. Eldridge*, 424 U.S. 319 (1976), governs due process challenges to immigration detention, the Ninth Circuit has assumed, without deciding, its applicability in the § 1226(a) context. *Rodriguez Diaz*, 53 F.4th at 1206-07. Under *Mathews*, courts balance: (1) the private interest affected; (2) the risk of an erroneous deprivation under the procedures employed and the probable value of additional safeguards; and (3) the Government's interest, including the burdens associated with additional procedures. 424 U.S. at 335.

Applying the three-factor balancing test set forth in *Mathews*, the Court concludes that Petitioner's continued detention does not violate the Due Process Clause and that an additional bond hearing is not constitutionally required at this time.

As to the first factor, Petitioner's private interest in freedom from physical restraint is unquestionably substantial. The Supreme Court has repeatedly recognized that freedom from imprisonment lies at the core of the liberty protected by the Due Process Clause, and the Ninth Circuit has similarly characterized this interest as "fundamental." *Hernandez v. Sessions*, 872 F.3d 976, 993 (9th Cir. 2017). Petitioner has remained in ICE custody since November 19, 2025, and his detention has therefore extended for approximately ten months. The Court recognizes that prolonged detention weighs in Petitioner's favor. However, the length of detention cannot be considered in isolation. Unlike detainees who have never received an individualized custody determination, Petitioner received an initial bond hearing shortly after entering ICE custody on December 18, 2025. Following a "full consideration of the evidence," the IJ determined that Petitioner presented both a danger to the community and a flight risk. Thereafter, Petitioner appealed the IJ's denial of bond to the Board of Immigration Appeals. Although Petitioner's liberty interest is significant, these relatively recent custody determinations diminish the weight of his claim that due process presently requires another hearing.

The second *Mathews* factor – the risk of an erroneous deprivation of liberty and the probable value of additional procedural safeguards – also weighs in Respondent's favor.

Petitioner received an individualized bond hearing shortly after entering ICE custody, at which the IJ considered whether he posed a danger and flight risk. His appeal of the bond decision remains pending before the BIA, providing an additional layer of review. These proceedings substantially reduce the risk of erroneous detention.

Petitioner argues, however, that he lacked a meaningful opportunity to present and develop his case because he did not receive effective legal assistance and the IJ failed to consider his immigration history, eligibility for relief, and other mitigating factors. Petitioner offers no evidence to support those assertions and identifies no newly developed evidence or changed circumstances suggesting that another hearing would likely produce a different result. The IJ stated that she considered the evidence presented and found Petitioner to be both a flight risk and a danger, finding his eligibility for relief from removal speculative and citing his recent attempt to illegally purchase a firearm. Thus, Petitioner has not shown that his bond hearing was constitutionally inadequate or otherwise established a basis for the Court to order an additional bond hearing. Petitioner may pursue his pending appeal before the BIA and may request another bond hearing under § 1226(a) following a material change in circumstances.

Finally, the third *Mathews* factor likewise favors Respondent. The Government possesses legitimate and compelling interests in ensuring Petitioner's appearance at future immigration proceedings and protecting the public from individuals determined to pose a danger. Those interests are particularly strong here because Petitioner has been found to present both a flight risk and a danger to the community. While the administrative burden of conducting an additional hearing may be relatively modest, the Government has already afforded Petitioner the procedural protections provided under INA § 236(a), including an individualized bond hearing. Requiring successive bond hearings absent a material change in circumstances would diminish and undermine the finality of prior custody determinations. Under these circumstances, the Government's interests remain significant.

Balancing the *Mathews* factors, the Court concludes that Petitioner's continued detention does not violate due process. Although Petitioner's liberty interest is substantial

and the duration of his detention is not insignificant, he has already received the process constitutionally due through an individualized bond hearing and ongoing administrative review.

## V. CONCLUSION

Based on the above analysis, the Court finds that Petitioner is not constitutionally entitled to another bond hearing at this point. The Court will recommend that the Petition for Writ of Habeas Corpus be denied and dismissed with prejudice.

Accordingly,

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 8th day of October, 2026.

Michael T. Morrissey

Honorable Michael T. Morrissey
United States Magistrate Judge