**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Romeel Alejandro Bravo Castro,

Petitioner,

v.

Eric Rokosky,

Respondent.

No. CV-26-02902-PHX-KML

**ORDER**

Petitioner Romeel Alejandro Bravo Castro filed a petition for a writ of habeas corpus challenging his immigration detention. (Doc. 1.) Magistrate Judge Michael T. Morrissey issued a Report and Recommendation ("R&R") recommending the court deny the petition. (Doc. 13.) Castro filed timely objections to the R&R. (Doc. 14.) Having reviewed de novo, the R&R is adopted in full and the petition denied.

Castro's petition challenges his nearly-yearlong immigration detention on various grounds. (Doc. 1 at 6-7.) Despite being a recipient of Deferred Action on Childhood Arrivals ("DACA") status that was not set to expire until February 2026, Castro was taken into immigration custody and proceedings against him started—illegally, he alleges—in November 2025 after he falsely stated he was a United States citizen while attempting to buy a firearm. (Doc. 1 at 4; Doc. 9 at 2; Doc. 9-1 at 2; R&R at 2.) Crucially, Castro received a bond hearing at which the immigration judge ("IJ") ordered him detained as a danger due to the attempted firearms purchase. (R&R at 2.)

Castro's petition raises several challenges to the IJ's bond denial. (Doc. 1 at 6-7.)

Most of these effectively ask the court to reweigh the factors underlying the IJ's bond determination, which it cannot do. *See Martinez v. Clark*, 124 F.4th 775, 785 (9th Cir. 2024) (in the context of a dangerousness determination, federal courts "cannot reweigh evidence" and "can only determine whether the [immigration court] applied the correct legal standard") (simplified). To the extent Castro challenges the procedures by which he was taken into custody or "prolonged" detention, he has already received the remedy—a bond hearing—typically held sufficient to protect a detainee's due-process rights. *See Padilla v. United States Immigr. & Customs Enf't*, --- F.4th -----, 2026 WL 2822044, at *18 (9th Cir. 2026) (describing the "long history" of substantive due process limitations on the government's ability to detain people, including "the widespread availability of bail" and "judicial review of the legality of confinement"); *see also Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1210 (9th Cir. 2022).

Castro's objections raise three challenges to the R&R's recommendation that the petition be denied, but none are valid. First, Castro takes issue with the R&R's statement that he appealed his bond denial to the Board of Immigration Appeals ("BIA"). (R&R at 2, 5; Doc. 14 at 3, 6.) But if there was any factual error in describing a pending bond appeal, Castro caused it by avowing in his sworn petition that he filed an "[a]ppeal of immigration judge's decision denying release from detention" on April 9, 2026. (Doc. 1 at 4-5; *see also* Doc. 9-2 at 2 (IJ order showing Castro reserved appeal of bond denial).) Castro cannot create a valid factual conflict through his own sworn declarations. *UA Loc. 343 United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Indus. of U.S. & Canada, AFL-CIO v. Nor-Cal Plumbing, Inc.*, 48 F.3d 1465, 1473 (9th Cir. 1994) ("internal inconsistencies in a party's own testimony fail to create a genuine issue of material fact"). More importantly, if Castro did not file an appeal (as he now contends), that would cut against relief instead of for it. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (When a petitioner has not appealed an IJ's bond decision to the BIA, "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused.").

Next, Castro takes issue with the firearms-purchase evidence underlying the IJ's bond denial. (Doc. 14 at 6; Doc. 10 at 4.) His habeas petition is not the appropriate forum for a challenge to his "[a]bsence of [c]riminal [i]ntent" (Doc. 10 at 4) when he attempted to purchase the firearm. *Cf. See Al-Najar v. Mukasey*, 515 F.3d 708, 714-15 (6th Cir. 2008) (collecting cases holding that alien petitioners may not collaterally attack criminal convictions through habeas petitions challenging their immigration proceedings). Because the additional evidence he offered supporting a lack of intent is irrelevant to these proceedings, the R&R did not err in failing to address it.

Castro's third challenge alleges the IJ made additional factual errors in her flight risk determination. (*E.g.* Doc. 14 at 5 (arguing IJ inaccurately asserted his parents are not present in the United States).) A district court need not consider evidence or argument offered for the first time in objections to an R&R, and the court exercises its discretion not to do so here. *See Jones v. Blanas*, 393 F.3d 918, 935 (9th Cir. 2004). It was Castro's burden to show he merits habeas relief by raising all relevant arguments and facts in his petition. *See Lambert v. Blodgett*, 393 F.3d 943, 969 n.16 (9th Cir. 2004) ("In . . . federal habeas proceedings, it is the petitioner who bears the burden of proving his case."). Moreover, if the IJ erred factually, Castro should have appealed the bond denial to the BIA (or at least made clear whether he did or did not do so). *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). And even if the alleged error were considered now, a lack of ties to the United States does not appear to have motivated the IJ's bond denial. (*See* Doc. 9-2 at 1 (summarizing grounds for denial as "Respondent is a flight risk because his relief is speculative, and a danger based on his recent attempt to purchase a pistol.").)

/

/

/

/

/

/

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 13) is **ADOPTED** in full. The petition (Doc. 1) is **DENIED**.

**IT IS FURTHER ORDERED** any pending motions are denied as moot. The Clerk of Court shall enter judgment in respondents' favor and close this case.

Dated this 29th day of October, 2026.

Honorable Krissa M. Lanham
United States District Judge